**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AROLDO ROMAN GONZALEZ LOPEZ,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>ACTING WARDEN, Adelanto Detention Center, *et al.*,<br><br>　　　　　　　Respondents. | Case No.  5:26-cv-03613-RAO<br><br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Aroldo Roman Gonzalez Lopez ("Petitioner"), a non-citizen represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against the Acting Warden, Adelanto Detention Center; Ernesto Santacruz, Jr., Director of the Los Angeles Field Office, U.S. Immigration and Customs Enforcement ("ICE"); Todd Blanche, Acting U.S. Attorney General; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); and David Venturella, Acting Director of ICE (collectively, "Respondents"), on June 30, 2026. Dkt. No. 1 ("Pet."). Petitioner claims that his current detention at Adelanto Detention Center in Adelanto, California violates his Fifth Amendment substantive and procedural due process rights (counts one and two, respectively), Section 1226(a) of the Immigration and Nationality Act (count three), and the judgment entered in

*Maldonado Bautista* (count four). Pet. at 11-15. Petitioner seeks relief in the form of immediate release, or in the alternative, that he be provided a *Maldonado Bautista* compliant bond hearing. *Id.* at 15.

On July 6, 2026, this matter was fully consented to the undersigned according to General Order 26-05 for all purposes. Dkt. No. 6.

The Court incorporates the factual background set forth in the Petition. *See* Pet. at 4, 6-7. The Petition states that Petitioner is currently detained in Adelanto ICE Detention Facility in Adelanto, California. *Id*. at 2. Publicly available ICE records confirm that the Petitioner is currently detained within this District. The Petition further asserts that Petitioner is a member of the bond eligible class certified in *Maldonado-Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM (C.D. Cal. filed July 23, 2025), 2025 WL 3713987, at *32, judgment entered, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), and thus entitled to an individual bond hearing, but Respondents have refused to provide him with such a hearing. *Id*. at 6-7. The Petition seeks relief in the form of Petitioner's release or, alternatively, an order directing Respondents to provide Petitioner with a *Maldonado Bautista* compliant bond hearing and thereafter lodge with the Court the immigration judge's decision and a copy of the audio recording or a certified transcript. *Id*. at 15.

Respondents filed their Answer to the Petition on July 7, 2026. Dkt. No. 8 ("Ans."). In their Answer, Respondents concurs that Petitioner appears to be a member of the bond eligible class certified in *Maldonado Bautista v. Santacruz*.[1] Ans. at 2. Respondents argue that to the extent Petitioner is entitled to any remedy, at most it would be a bond hearing before an immigration judge under Section

---

[1] While the Ninth Circuit has temporarily stayed the Maldonado Bautista judgment "insofar as the district court's judgment extends beyond the Central District of California," that judgment "remains in place as to the Central District of California." Order, *Maldonado Bautista v. U.S. Dep't of Homeland Sec*., No. 26-1044 (9th Cir. Mar. 6, 2026), Dkt. No. 5.

1226(a). *Id*. Respondents ask that, consistent with what Courts in this district have ordered in similar cases, the Court require a Section 1226(a) bond hearing be provided within seven days. *Id*.

Petitioner filed a Traverse on July 13, 2026. Dkt. No. 10. In the Traverse, Petitioner seeks immediate release contending that Respondents do not dispute the factual allegations of the Petition and, by failing to present an opposition to Petitioner's due process claims, have forfeited any arguments against the Petition's claims. *Id*. at 1-5.

Having reviewed the uncontested allegations in the Petition, the Court concurs that Petitioner is a member of the bond eligible class certified in *Maldonado Bautista* and his detention is governed by 8 U.S.C. § 1226(a), and thus he is entitled to a bond hearing before a neutral decisionmaker. *See Maldonado Bautista*, 2025 WL 3713987, at *10. In similar circumstances, courts in this District have limited relief to ordering the petitioner's release if he is not afforded a timely bond hearing. *See Hernandez v. Semaia*, No. CV 26-1295-JFW (KS), 2026 WL 928628, *3 (C.D. Cal. 2026) ("Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order."); *Rathi v. Warden of Desert View Annex Det. Facility*, No. CV 26-1174-WLH (AYP), 2026 WL 795298, *1 (C.D. Cal. 2026) ("Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing." (citation omitted)); *Devi v. Semaia*, No. CV 26-898-DMG (AS), 2026 WL 712043, *1 (C.D. Cal. 2026) (similar). Further, courts have previously issued orders directing bond hearings, and respondents in turn complied with those orders; accordingly, the Court has no reason to believe its orders will not continue to be followed and thus declines to order immediate release. Thus, consistent with the practice in this District, the Court will order Petitioner's release if he is not afforded a timely individualized bond hearing. *See, e.g., Quinonez*

*Herrera v. Mullin*, No. CV 26-1561-CAS (DMK), 2026 WL 915184, *2 (C.D. Cal. 2026) ("[C]onsistent with what courts in this district have generally ordered in similar cases, the Court orders Respondents to provide Petitioner with [an individualized bond] hearing within seven (7) days.").

Accordingly, IT IS ORDERED that:

(1) The Petition is GRANTED in part as to Count Three (a violation of 8 U.S.C. § 1226(a));

(2) Respondents are enjoined from continuing to detain Petitioner unless he is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order; and

(3) Respondents are directed to file a status report within 10 days of the entry of this Order substantiating compliance with the Court's Order and attaching a copy of the immigration judge's decision.

DATED: July 14, 2026

_____
/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4